RICHARD H. DUNBAR *vs.* BRISTOL COUNTY GAS AND ELECTRIC COMPANY.

JUNE 15, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

*Negligence.   Evidence.   Admissions.*

In an action for damages resulting from leaking gas, admissions by the defendant of the fact that gas had leaked from their pipes may be properly proved by the plaintiff.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of defendant, and overruled.

DUBOIS, J.   This is an action of trespass on the case, for damages to the plants and flowers of the plaintiff in his greenhouse, caused by the negligence of the defendant in permitting illuminating gas to escape from its main in Hope street, in Bristol, Rhode Island, into the said greenhouse, which was not piped for gas.

The jury returned a verdict for the plaintiff in the sum of $1,500, and the defendant's motion for a new trial, upon the grounds that the verdict was against the law and the evidence and that the damages awarded were excessive, was denied by the court, and the case is before us upon the defendant's bill of

exceptions, which raises the following questions for our determination. Did the court err:

I.   In admitting certain testimony?

II.   In refusing to direct a verdict for the defendant? and

III.   In denying the defendant's motion for a new trial?

The first exception relates to the following incident: The counsel for the plaintiff asked him the question: "You stated, I believe, that three years ago you had trouble with the gas from these mains. I'll ask you what acknowledgment in any other way have the defendant company made of the fact that gas leaked from their mains?

"MR. WHIPPLE:   This shows that the witness did not understand—

"THE COURT:   You may ask him the question."

(Mr. Whipple's exception noted.)

"A.   What the company did?"

(Question read by stenographer.)

"A.   As near as I can understand the question the company had done me a lot of damage and they paid for it without coming to court.   Q.   They paid you three years ago?

"MR. WHIPPLE:   I object to this question, I can not now do anything about the answer.

"THE COURT:   I think the answer may be stricken out.

"MR. BROWNELL:   The object of the question is to show conclusively—

"THE COURT:   But it may not show it conclusively; it may not show knowledge because they saw fit to compromise some claim.   That may be stricken out.   You say you notified them three years ago of the condition of their mains?

"WITNESS:   Yes.

"THE COURT:   Now, if there is something you wish to add as to the repairs that they did or did not make, you may show that."

The exception relates solely to the question asked, and not to the answer, of the witness, which was stricken from the record by order of the court. The question in itself appears to be unobjectionable. Acknowledgment of the fact that gas had leaked from the mains of the defendant might have been

made by its officers orally or in writing, by vote of the corporation, or more likely without such action.    It was proper to prove admissions of that nature, if any had been made.    Therefore the exception must be overruled.

The motion to direct a verdict for the defendant was properly denied; there was conflicting testimony which it was the duty of the jury to consider.    The court did not err in denying the motion for a new trial.

The court instructed the jury in the law substantially as requested by the defendant, with appropriate modifications, and no exception was taken to the charge of the court.

The verdict was neither against the law nor the evidence, and the damages awarded by the jury do not appear to be excessive.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court for judgment on the verdict.

_Lorin M. Cook and Edward I. Brownell,_ for plaintiff.

_Edwards and Angell,_ for defendant.